IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SCOTT LANE MCCORMICK | ) |
| | ) |
| v. | ) NO. 3-15-0821 |
| | ) JUDGE CAMPBELL |
| MAQUET CARDIOVASCULAR | ) |
| US SALES, LLC | ) |

MEMORANDUM

Pending before the Court are Defendant's Motion to Dismiss or, in the Alternative, to Transfer Venue (Docket No. 14) and Plaintiff's Renewed Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Docket No. 24).

For the reasons stated herein, Defendant's Motion to Dismiss is DENIED, and Defendant's Motion to Transfer Venue and Plaintiff's Renewed Motion to Transfer Venue are GRANTED.

This employment discrimination action, originally filed in the Davidson County Circuit Court, was removed to this Court by Defendant. The parties do not dispute that Plaintiff's Employment Agreement with Defendant contains a choice of law provision and a forum selection clause, through which the parties agreed that exclusive personal jurisdiction and venue of any disputes would be in New Jersey. The parties disagree as to whether this case should be dismissed or transferred to New Jersey.

The Supreme Court has held that a proper mechanism for enforcing a forum selection clause is 28 U.S.C. § 1404(a). *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tx*, 134 S.Ct. 568, 581 (2013). When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. *Id.* Only under exceptional

circumstances unrelated to the convenience of the parties should a Section 1404(a) motion be denied. *Id.*

This Court has previously found that Rule 12(b)(6)[1] is not a proper mechanism for dismissing a case on improper venue grounds. *Carrillo v. Tifco Indus., Inc.*, 2011 WL 4538079 at * 2 (M.D. Tenn. Sept. 29, 2011). Although *Carrillo* was decided before *Atlantic Marine*, nothing in *Atlantic Marine* changes the Court's opinion as expressed in *Carrillo.* The *Atlantic Marine* case involved Rule 12(b)(3), and the Court specifically did not address Rule 12(b)(6). *Atlantic Marine*, 134 S.Ct. at 580.

In *Atlantic Marine*, the Court found that a motion to dismiss for improper venue, pursuant to Rule 12(b)(3), was not the correct way to enforce a valid forum-selection clause. The Court found, however, that if the forum-selection clause points to a particular federal district, it may be enforced through a motion to transfer under Section 1404(a). *Atlantic Marine*, 134 S.Ct. at 579; *see also ACS Transport Solutions, Inc. v. Nashville Metropolitan Transit Authority*, 2014 WL 3565013 at * 2 (M.D. Tenn. July 18, 2014). Under those circumstances, a proper application of Section 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases. *Atlantic Marine*, 134 S.Ct. at 579; *see also Carrillo*. 2011 WL 4538079 at * 3.

---

[1] Both the Sixth Circuit Court of Appeals and the U.S. Supreme Court have held that a Motion to Dismiss under Fed. R. Civ. P. 12 (b)(3) for improper venue is not the correct way to enforce a valid forum-selection clause. *Wong v. PartyGaming Ltd.*, 589 F.3d821, (6th Cir. 2009); *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tx*, 134 S.Ct. 568, 577 (2013). Defendant, however, has moved to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6).

2

By consenting to the forum selection clause, both Plaintiff and Defendant have agreed that New Jersey is a convenient forum. Indeed, both parties have moved to transfer this action to New Jersey.

For these reasons, the Court, in its discretion, pursuant to 28 U.S.C. § 1404(a) and in the interests of justice, finds that this action should be transferred to the U.S. District Court for the District of New Jersey. The Clerk is directed to transfer the file and then close this case.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE